**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **WILLIAM A. BRUS, SEAN D. TAYLOR, and STEVEN M. SOMMERIO, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown,** | **Case No. 16-cv-05035** |
| **Plaintiffs,** | |
| **v.** | |
| **TBM PROMENADE, LLC, a Florida limited liability company, d/b/a THE BEER MARKET, TBM SCHAUMBURG, LLC, a Florida limited liability company, d/b/a THE BEER MARKET, THE BEER MARKET ONE, LLC, an Illinois limited liability company, d/b/a THE BEER MARKET, and GREG GOODRICH, an individual,** | |
| **Defendants.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

The Plaintiffs, William A. Brus, Sean D. Taylor, and Steven M. Sommerio (collectively, the "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, and by and through their attorneys, Timothy M. Nolan and Nicholas P. Cholis of the Nolan Law Office, complain against Defendants, TBM Promenade, LLC d/b/a The Beer Market ("Beer Market Bolingbrook"), TBM Schaumburg, LLC d/b/a The Beer Market ("Beer Market Schaumburg"), Beer Market One, LLC  d/b/a The Beer Market ("Beer Market Vernon Hills"), and Greg Goodrich ("Goodrich") (collectively, the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201,

*et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, their earned wages, minimum wages, and overtime pay. Plaintiffs, and other similarly situated employees, are current and former employees of the Defendants' restaurants.

2.      Defendants elected to pay Plaintiffs, and other similarly situated employees, using a tip credit. Defendants paid hourly wages below the minimum wage and purported to use tips to make up the difference. However, Defendants committed numerous minimum wage and tip credit violations which invalidated the tip credit and required Defendants to pay Plaintiffs, and other similarly situated employees, the full minimum wage. Defendants' violations included: (a) making unlawful deductions from wages for employer expenses which deprived them of earned wages and further reduced Plaintiffs' wages below the minimum wage; (b) improperly retaining tips for employer expenses; (c) requiring Plaintiffs to regularly perform dual jobs and substantial non-tipped work at hourly rates below the minimum wage; (d) operating an illegal tip pool which permitted bar managers to retain the tips of tipped employees; and (e) failing to notify Plaintiffs of the tip credit rules and regulations, including Defendants' intention to claim a tip credit.

3.      Defendants further violated federal and state overtime laws by failing to pay Plaintiffs, and other similarly situated employees, an overtime premium when they regularly worked more than 40 hours in individual workweeks.  Defendants improperly failed to pay overtime wages to Plaintiffs, and other tip credit employees, at time-and-a-half based on the full minimum wage, rather than the lower direct wage payment. Defendants also failed to pay Plaintiffs, and other employees who received shift pay, any overtime premium when they worked more than 40 hours in individual workweeks.

4.      Plaintiffs bring this case as a collective action under 29 U.S.C. § 216(b) ("collective action") and as a class action under Rule 23 of the Federal Rules of Civil Rules of Civil Procedure ("Rule 23 class action"). Plaintiffs' consent forms to act as the representative parties in the collective action are attached as Group Exhibit A. (See Group Exh. A.)

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

7.      Plaintiff William A. Brus ("Brus") is a former employee of the Defendants. Plaintiff Brus worked at Defendants' location in Bolingbrook, Illinois.

8.      Plaintiff Brus worked for Defendants as a bartender, bar manager, and front of house manager from approximately March 2014 through July 2015.

9.      Plaintiff Sean D. Taylor ("Taylor") is a former employee of the Defendants. Plaintiff Taylor worked at Defendants' location in Bolingbrook, Illinois.

10.      Plaintiff Taylor was employed by Defendants as a server, bartender, and bar manager from approximately July 2014 through March 31, 2016.

11.      Plaintiff Steven M. Sommerio ("Sommerio") is a former employee of the Defendants. Plaintiff Sommerio worked at Defendants' locations in Bolingbrook, Illinois and Schaumburg, Illinois.

12.     Plaintiff Sommerio worked for Defendants as a server, bartender, bar manager, and front of house manager from approximately July 2013 through November 27, 2015.

13.     Plaintiffs reside in and are domiciled within the Eastern Division of the Northern District of Illinois. (See Group Exh. A.)

14.     Defendants Beer Market Bolingbrook, Beer Market Schaumburg, and Beer Market Vernon Hills are three (3) of at least six (6) commonly-owned craft beer bar and restaurant establishments that are operated by the Beerhead Bar & Eatery restaurant group.

15.     Defendants Beer Market Bolingbrook, Beer Market Schaumburg, and Beer Market Vernon Hills are restaurants engaged in selling and serving prepared food and beverages, including alcoholic beverages, to customers for consumption on the premises.

16.     The Beerhead Bar & Eatery restaurant group website lists six locations in Bolingbrook, Illinois; Schaumburg, Illinois; Vernon Hills, Illinois; Rochester, New York; Cleveland, Ohio; and Pittsburgh, Pennsylvania.

17.      Defendant Beer Market Bolingbrook is operated by TBM Promenade, LLC, a Florida limited liability company, and is doing business as a bar and restaurant at 641 East Boughton Road, Suite 110 in Bolingbrook, Illinois.

18.     Upon information and belief, Defendant Beer Market Bolingbrook earned more than $500,000 in annual gross revenue during 2013, 2014 and 2015.

19.     TBM Promenade, LLC is registered in Illinois as a foreign limited liability company and its registered agent is located within this judicial district.

20.     Defendant Beer Market Schaumburg is operated by TBM Schaumburg, LLC, a Florida limited liability company, and is doing business as a bar and restaurant at 888 North Meacham Road in Schaumburg, Illinois.

21.     Upon information and belief, Defendant Beer Market Schaumburg earned more than $500,000 in annual gross revenue during 2014 and 2015.

22.     TBM Schaumburg, LLC is registered in Illinois as a foreign limited liability company and its registered agent is located within this judicial district.

23.     Defendant Beer Market Vernon Hills is operated by Beer Market One, LLC, an Illinois limited liability company, and is doing business as a bar and restaurant at 1270 S. Milwaukee Avenue in Vernon Hills, Illinois.

24.     Upon information and belief, Defendant Beer Market Vernon Hills earned more than $500,000 in annual gross revenue during 2012, 2013, 2014 and 2015.

25.     Beer Market One, LLC is an Illinois limited liability company and its registered agent is located within this judicial district.

26.     During the course of their employment, Plaintiffs, and other employees of Defendants, used and handled goods and materials, including perishable food, food products, and alcoholic beverages that moved in interstate commerce. Plaintiffs also regularly handled credit card transactions.

27.     Upon information and belief, Defendant Goodrich is an owner of Defendant Beer Market Bolingbrook. Goodrich is the sole managing member of Beer Market Bolingbrook's operating entity, TBM Promenade, LLC.

28.     Upon information and belief, Defendant Goodrich is an owner of Defendant Beer Market Schaumburg. Goodrich is the sole managing member of Beer Market Schaumburg's operating entity, TBM Schaumburg, LLC.

29.     Upon information and belief, Defendant Goodrich is an owner of Defendant Beer Market Vernon Hills.

5

30.     At all times relevant to this action, Defendant Goodrich possessed extensive oversight over the the Beerhead Bar & Eatery restaurant group's locations and was the ultimate decision-maker with respect to the Defendants' payroll and wage and hour practices. Defendant Goodrich possessed the authority to hire and fire Defendants' employees, supervised and controlled employee work schedules or conditions of employment, determined rate and method of payment, and maintained employment records.

**COMMON ALLEGATIONS**

<u>Front of House Managers</u>

31.     During the last three years before the filing of this suit, Plaintiffs Brus and Sommerio, and other similarly situated front of house managers, were directed to work, and did work, more than 40 hours per week.

32.     Defendants compensated front of house managers, including Plaintiffs Brus and Sommerio, intermittently on a shift pay basis and on an hourly basis. For example, Defendants paid Brus on a shift pay basis in the amounts of $130.00, $135.00, and $140.00 and on an hourly basis at the rate of $15.00.  Defendants also paid Plaintiff Sommerio on a shift pay basis in the amounts of $140.00, $150.00, and $160.00 and also on an hourly basis at the rate of $16.00.

33.     Defendants did not compensate Plaintiffs Brus and Sommerio, and other similarly situated front of house mangers employees, at one and one-half times their regular hourly rates of pay when they worked more than 40 hours in individual workweeks during the last three years before the filing of this suit.

34.     Specifically, when Plaintiffs and other front of house managers received shift pay, Defendants' timekeeping system did not count the hours worked during the shift as compensable hours worked. Defendants regularly labeled the shift as a "salary day" and did not pay the

compensable overtime hours worked by Plaintiffs and other front of house managers at one and one-half times their regular hourly rates of pay.

Bar Managers

35.     During the last three years before the filing of this suit, Defendants elected to claim a tip credit by paying Plaintiffs Brus, Taylor, and Sommerio, and other bar managers, a lower direct (or cash) wage and using tips to make up the difference between the direct wages and the minimum wage.

36.     During the last three years before the filing of this suit, Defendants compensated Plaintiffs Brus, Taylor, and Sommerio, and other similarly situated bar managers, on an hourly basis at the rate of $7.00 plus tips.

37.     As bar managers, Plaintiffs Brus, Taylor, and Sommerio, and other similarly situated employees, were required to perform the dual jobs of manager and bartender while being paid below the minimum wage.

38.     Defendants required Plaintiffs and other bar managers to perform non-tip producing work unrelated to their tipped occupation at the start, during, and the end of their shifts. For example, Defendants required bar managers to perform substantial opening and closing work before customers arrived and after they left.

39.     In addition, Defendants further required Plaintiffs and other bar managers to spend more than twenty-percent (20%) of their shifts performing other non-tip producing work.

40.     As bar managers, Plaintiffs, and other similarly situated employees, reported to the general manager and primarily performed non-tipped, managerial duties, including handling all pre-opening procedures, counting and allocating previous night's revenue, counting and balancing the cash drawer, scheduling employees, ensuring adequate staffing, contacting

7

employees to come in as needed, supervising and monitoring front-of-house employees, doing "table touches" and visiting tables to inquire as to customer satisfaction, resolving customer complaints and kitchen problems, returning food to the kitchen, and performing closing procedures.

41.     Defendants required Plaintiffs and other bar managers to clock in as bar managers and receive hourly pay below the minimum wage notwithstanding the fact that bar managers performed substantial work for which no tips were given or received.

42.     Defendants further permitted bar managers to jointly participate in a tip pool with bartenders and bar backs. After "pooling" their tip contributions, bar managers and bartenders tipped out a percentage (typically, 10%) to the bar back and split the remainder amongst themselves.

43.     Defendants operated an illegal tip pool by permitting bar managers, who performed unrelated non-tipped work for a substantial part of their shifts, to participate in and retain tips of tipped employees.

44.     In addition, during the last three years before the filing of this suit, Plaintiffs Brus, Taylor, and Sommerio, and other similarly situated bar managers, were directed to work, and did work, more than 40 hours per week.

45.     Defendants did not compensate Plaintiffs Brus, Taylor, and Sommerio, and other similarly situated bar managers, at one and one-half times their regular hourly rates of pay when they worked more than 40 hours in individual workweeks during the last three years before the filing of this suit.

Servers and Bartenders

46.     During the last three years before the filing of this suit, Defendants elected to claim a tip credit by paying Plaintiffs Brus, Taylor, and Sommerio, and other servers and bartenders, a lower direct (or cash) wage and using tips to make up the difference between the direct wages and the minimum wage.

47.     During the last three years before the filing of this suit, Defendants compensated Plaintiffs Taylor and Sommerio, and other similarly situated servers, on an hourly basis at the rate of $4.95 plus tips.

48.     During the last three years before the filing of this suit, Defendants compensated Plaintiffs Brus, Taylor, and Sommerio, and other similarly situated bartenders, on an hourly basis at the rate of $4.95 plus tips.

49.     In addition to Defendants' direct hourly wages, Plaintiffs, and other similarly situated servers and bartenders, customarily and regularly received tips and gratuities paid by customers.

50.     Plaintiffs, and other similarly situated servers and bartenders, customarily and regularly received more than $30.00 per month in tips

51.     Defendants claimed the maximum tip credit under the IMWL when they compensated Plaintiffs, and other similarly situated servers and bartenders, at the hourly rate of $4.95.

52.     At all times relevant to this action, Defendants maintained a policy and practice of penalizing tipped employees, including servers and bartenders, for customer walkouts. Initially, Defendants required their tipped employees to pay all or a portion of the customer's bill who walked out without paying. If the tipped employee refused to pay the bill or was the victim of

9

successive customer walkouts, Defendants subjected the employee to the threat of disciplinary action, up to and including, termination.

53.     In effectuating this policy, Defendants impermissibly reduced the direct wages of Plaintiffs, and other similarly situated servers and bartenders, below the minimum wage by improperly deducting employer costs and expenses from wages by, among other things, charging Plaintiffs and other tipped employees for customer walkouts and uniform expenses.

54.     Defendants further violated tip credit requirements by retaining employee tips when they required Plaintiffs, and other servers and bartenders, to reimburse the Defendants for customer walkouts with their tip money.

55.     Defendants operated an illegal tip pool which permitted Defendants to retain tips of the employee for disciplinary reasons, including as punishment for customer walkouts.

56.     In addition, Plaintiffs, and other similarly situated servers and bartenders, were directed to work, and did work, more than 40 hours per week in individual workweeks during the last three years.

57.     Defendants failed to pay Plaintiffs, and other similarly situated servers and bartenders, overtime compensation at the rate of one and one-half times their regular hourly rates of pay when they worked more than 40 hours in individual workweeks.

58.     Defendants unlawfully calculated the overtime rate for tipped employees by taking a larger tip credit for overtime hours than straight-time hours. Specifically, Defendants wrongfully paid tipped employees based upon the sub-minimum direct wage rate (e.g. $4.95 x 1.5=$7.43) instead of lawfully compensating the tipped employees by paying an overtime premium based on the minimum wage and deducting the tip credit ($8.25 * 1.5 = $12.38 - $3.30 = $9.08).

59.     Defendants did not notify Plaintiffs, and other tipped employees, of the FLSA tip credit subsection or of Defendants' intention to claim a tip credit.

**COLLECTIVE ACTION ALLEGATIONS**

60.     Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former front of house managers, bar managers, and tipped employees, including servers and bartenders, that worked for Defendants during the last three years before the filing of this suit.

61.     During the last three years before the filing of this suit, Plaintiffs, and all other similarly situated current and former front of house managers, bar managers, and tipped employees, including servers and bartenders, have had substantially similar job descriptions, job requirements, and pay rates.

62.     Plaintiffs, and the other similarly situated employees, were subject to Defendants' common policies and plans to violate the FLSA by willfully refusing to pay overtime compensation to front of house managers, bar managers and tipped employees, including servers and bartenders.

63.     Plaintiffs, and the other similarly situated employees were deprived of their earned wages and minimum wages by Defendants' common policy and plan to violate the FLSA by making unlawful deductions to tipped employees' wages, unlawfully retaining employee tips, requiring tipped employees to regularly perform dual jobs and substantial non-tipped work while being paid below the minimum wage, operating an illegal tip pool which included managers, and failing to provide proper notice of the FLSA's tip credit provisions.

64.     Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' myriad common policies and plans to violate the FLSA minimum wage and maximum hour provisions.

65.     Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

66.     There are numerous similarly situated current and former front of house managers, bar managers, and tipped employees, including servers and bartenders, who worked for Defendants' commonly-owned restaurants and bars and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

67.     The similarly situated current and former front of house managers, bar managers, and tipped employees, including servers and bartenders, are known to the Defendants and are identifiable in Defendants' payroll records.

**RULE 23 CLASS ACTION ALLEGATIONS**

68.     Plaintiffs bring their IMWL and IWPCA claims as a Rule 23 class action on behalf of themselves and all other similarly situated current and former front of house managers, bar managers, and tipped employees, including servers and bartenders, that worked for Defendants during the last three years before the filing of this suit.

69.     The members of the Rule 23 class actions are so numerous that joinder of all members is impracticable and the disposition of their claims on a class-wide basis will benefit the members and the Court.

70.     Upon information and belief, there are between 40 and 100 Rule 23 class action members whose claims for unpaid earned wages, minimum wages, and overtime wages will be implicated by this suit.

71.     The members of the Rule 23 class action are readily ascertainable from Defendants' payroll records.

72.     Plaintiffs' claims are typical of those claims which could be alleged by any Rule 23 class action member and the relief sought is typical of the relief which would be sought by each Rule 23 class action member.

73.     All Rule 23 class action members were subject to Defendants' common policies and plans to deprive the employees of their earned wages, minimum wages, and overtime compensation. Defendants refused to pay overtime compensation to front of house managers, bar managers and tipped employees, including servers and bartenders. Defendants further deprived class members of their earned wages and minimum wages by making unlawful deductions, retaining tips, requiring tipped employees to regularly perform dual jobs and substantial non-tipped work while being paid below the minimum wage, and operating an illegal tip pool which included managers.

74.     Plaintiffs and the Rule 23 class action members have sustained similar losses and damages as a result of Defendants' common wage and hour practices which violated the IMWL and IWPCA.

75.     Plaintiffs and the Rule 23 class action members have all been injured in that they have been deprived of earned wages, minimum wages, and overtime compensation due to Defendants' common policies and plans.

76.     Plaintiffs Brus, Taylor, and Sommerio are able to fairly and adequately represent the interests of the Rule 23 class action members and have no interests in conflict with class members.

77.     Plaintiffs are represented by attorneys who are experienced and competent in

wage and hour litigation and who have been prior counsel in wage and hour and employment class litigation.

78.     A class action is superior to other available methods for the fair and efficient adjudication of the this matter where individual class members may lack the financial resources to prosecute a lawsuit against corporate defendants on a case-by-case basis.

79.     Class action treatment of this case will allow a large number of similarly situated employees to prosecute their common wage and hour claims in a single forum at the same time and without the unnecessary duplication of efforts and expenses involved in prosecuting these claims on an individual basis.

80.     Because some of the losses or damages suffered by individual Rule 23 class members may be relatively modest on an individual basis, class action treatment will allow the Rule 23 class action members to assert their claims and receive their unpaid compensation in the most efficient way possible.

81.     The prosecution of individual claims by Rule 23 class members would create the potential for inconsistent or contradictory adjudications which could adversely affect the class members' claims or unfairly impair their rights to recover unpaid wages.

82.     The issues in this case can be decided by means of common, class-wide proof.

83.     Class action treatment of these claims, as opposed to prosecuting them on an individual basis, will require less judicial and public resources and lead to a less costly adjudication of the class members' claims.

84.     This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

85.     Common questions of law and fact predominate over any questions affecting

14

them on an individual basis and include, but are not limited to, the following:

(a)  Whether the Defendants violated the IMWL and IWPCA by failing to pay them all earned wages, minimum wages, and overtime compensation due under the Acts;

(b)  Whether Defendants paid Plaintiffs and other Rule 23 class action members their minimum wages as required by the IMWL;

(c)  Whether Defendants made unlawful deductions to the wages of Plaintiffs and other Rule 23 class members for employer expenses which further reduced their rate of pay below the IMWL minimum wage;

(d)  Whether Defendants made unlawful deductions to the wages of Plaintiffs and other Rule 23 class members for employer expenses in violation of the IWPCA;

(e)  Whether Defendants unlawfully exercised dominion over the tips of Plaintiffs and other Rule 23 class members and unlawfully retained tips in violation of the IMWL;

(f)  Whether Defendants had a policy and practice of requiring Plaintiffs and other Rule 23 class action members to perform dual jobs and substantial non-tipped work outside the scope of their tipped occupation while compensating them below the minimum wage;

(g)  Whether Defendants operated an illegal tip pool which required Plaintiffs and other class members to share tips with their employer or other workers not entitled to receive tips under the IMWL; and

(h)  Whether Defendants paid Plaintiffs and other Rule 23 class members at one and one-half times their regular hourly rates of pay when they worked more than 40 hours in an individual workweek.

### COUNT I
### Fair Labor Standards Act – Minimum Wages
### (Collective Action)

86.  Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

87.  During the last three years before the filing of this suit, Plaintiffs were each an

"employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

88.  During the last three years before the filing of this suit, Plaintiffs were not exempt

from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

89.     Throughout Plaintiffs' employment, Defendants employed other bar managers and tipped employees, including servers and bartenders, who were similarly not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213

90.     Plaintiffs, and other servers and bartenders, were "tipped employees" within the meaning of 29 U.S.C. § 203(t).

91.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

92.     Defendants Beer Market Bolingbrook, Beer Market Schaumburg, and Beer Market Vernon Hills were each an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and each operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants further constitute a single enterprise under the FLSA.

93.     Pursuant to 29 U.S.C. § 206, Plaintiffs as well as other non-exempt bar managers and tipped employees, including servers and bartenders, were entitled to be compensated according to the applicable minimum wages under the FLSA.

94.     Defendants violated the tip credit and minimum wage provisions of this section by making unlawful deductions to Plaintiffs' wages thereby further reducing their wages below the minimum wage.

95.     Defendants violated the tip credit and minimum wage provisions of this section by retaining employee tips and operating an invalid tip pool in which managers were allowed to participate.

96.     Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs, and other bar managers, to perform dual jobs and non-tipped work not within

16

the scope of a tipped occupation while continuing to pay them tip credit wages below the minimum wage.

97.     Defendants violated the tip credit and minimum wage provisions of this section by failing to inform Plaintiffs and other tipped employees of the tip credit subsection, 29 U.S.C. § 203(m), and any of its related requirements.

98.     Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs and other bar managers and tipped employees, including servers and bartenders, the minimum wage was willful and not in good faith.

**WHEREFORE**, the Plaintiffs, William A. Brus, Sean D. Taylor, and Steven M. Sommerio, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, TBM Promenade, LLC d/b/a The Beer Market, TBM Schaumburg, LLC d/b/a The Beer Market, Beer Market One, LLC d/b/a The Beer Market, and Greg Goodrich, as follows:

A.      Judgment in the amount of unpaid minimum wages found due;

B.      Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

<u>**COUNT II**</u>
<u>**Illinois Minimum Wage Law – Minimum Wages**</u>
**(Rule 23 Class Action)**

99.     Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

100.    During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

101.    During the last three years before the filing of this suit, Plaintiffs were not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

102.    Throughout Plaintiffs' employment, Defendants employed other bar managers and tipped employees, including servers and bartenders, who were similarly not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

103.    Plaintiffs, and other servers and bartenders, were tipped employees within the meaning of 820 ILCS 105/4(c).

104.    During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

105.    Pursuant to 820 ILCS § 105/4, Plaintiffs as well as other non-exempt bar managers and tipped employees, including servers and bartenders, were entitled to be compensated according to the applicable minimum wages under the IMWL.

106.    Defendants violated the tip credit and minimum wage provisions of this section by making unlawful deductions to wages thereby further reducing their wages below the minimum wage.

107.    Defendants violated tip credit and minimum wage provisions of this section by requiring Plaintiffs, and other bar managers, to perform dual jobs and non-tipped work not within the scope of a tipped occupation while continuing to pay them tip credit wages below the minimum wage.

108.    Defendants violated the tip credit and minimum wage provisions of this section by retaining employee tips and operating an invalid tip pool in which managers were allowed to participate.

18

**WHEREFORE**, the Plaintiffs, William A. Brus, Sean D. Taylor, and Steven M. Sommerio, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, TBM Promenade, LLC d/b/a The Beer Market, TBM Schaumburg, LLC d/b/a The Beer Market, Beer Market One, LLC d/b/a The Beer Market, and Greg Goodrich, as follows:

A.      Judgment in the amount of unpaid minimum wages found due;

B.      Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

<u>COUNT III</u>
**<u>Fair Labor Standards Act – Overtime Wages</u>**
**(Collective Action)**

109.    Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

110.    During the last three years before the filing of this suit, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

111.    During the last three years before the filing of this suit, Plaintiffs were not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, 213.

112.    Throughout Plaintiffs' employment, Defendants employed other front of house managers, bar managers, and tipped employees, including servers and bartenders, who were similarly not exempt from the maximum hour provisions of the FLSA, 29 U.S.C. § 207, 213

113.    During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

114. Defendants Beer Market Bolingbrook, Beer Market Schaumburg, and Beer Market Vernon Hills were each an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and each operated as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A). Defendants further constitute a single enterprise under the FLSA.

115. Under 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt front of house managers, bar managers, and tipped employees, including servers and bartenders, worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

116. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

117. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith.

**WHEREFORE**, the Plaintiffs, William A. Brus, Sean D. Taylor, and Steven M. Sommerio, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, TBM Promenade, LLC d/b/a The Beer Market, TBM Schaumburg, LLC d/b/a The Beer Market, Beer Market One, LLC d/b/a The Beer Market, and Greg Goodrich, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

20

D.     Such other and further relief as this Court deems appropriate and just.

**COUNT IV**
**Illinois Minimum Wage Law – Overtime Wages**
**(Rule 23 Class Action)**

118.     Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

119.     During the last three years before the filing of this suit, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

120.     Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

121.     During the course of Plaintiffs' employment, Defendants employed other front of house managers, bar managers, and tipped employees, including servers and bartenders, who were similarly not exempt from the overtime wage provisions of the IMWL.

122.     During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

123.     Under 820 ILCS § 105/4(a), for all weeks during which Plaintiffs and other front of house managers, bar managers, and tipped employees, including servers and bartenders, worked more than 40 hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

124.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, William A. Brus, Sean D. Taylor, and Steven M. Sommerio, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, TBM Promenade, LLC d/b/a The Beer

Market, TBM Schaumburg, LLC d/b/a The Beer Market, Beer Market One, LLC d/b/a The Beer

Market, and Greg Goodrich, as follows:

A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

<u>COUNT V</u>
<u>Illinois Wage Payment and Collection Act – Unlawful Deductions</u>
**(Rule 23 Class Action)**

125.    Plaintiffs hereby incorporate paragraphs 1 through 85 as though stated herein.

126.    Plaintiffs were each an "employee" under the IWPCA, 820 ILCS § 115/2, and Plaintiffs were not exempt from the IWPCA's protections, 820 ILCS § 115/1, *et seq*.

127.    During the course of Plaintiffs' employment, Defendants employed other bar managers and tipped employees, including servers and bartenders, who were similarly not exempt from the IWPCA's protections.

128.    Defendants are each an "employer" under the IWPCA, 820 ILCS § 115/2.

129.    During their employment, Plaintiffs and Defendants understood and agreed that Plaintiffs would be paid for all hours worked.

130.    Defendants violated the IWPCA by making unlawful deductions from the earned wages of Plaintiffs and other bar managers and tipped employees, including servers and bartenders. These deductions included, but were not limited to, customer walkouts.

131.    Defendants' wage deductions were not required by law or in response to a valid wage assignment or wage deduction order.

132.    Defendants' wage deductions were not for the benefit of the employees and were not made with the express written consent of the employees.

**WHEREFORE**, the Plaintiffs, William A. Brus, Sean D. Taylor, and Steven M. Sommerio, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, TBM Promenade, LLC d/b/a The Beer Market, TBM Schaumburg, LLC d/b/a The Beer Market, Beer Market One, LLC d/b/a The Beer Market, and Greg Goodrich, as follows:

A.    Judgment in the amount of all unlawful deductions;

B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

Dated: May 6, 2016

Respectfully submitted,
William A. Brus, Sean D. Taylor, and
Steven M. Sommerio, on behalf of
themselves and all other Plaintiffs similarly
situated, known and unknown, Plaintiffs

/s/ Nicholas P. Cholis
_____
One of the Plaintiffs' Attorneys

23

Timothy M. Nolan (No. 6194416)
Nicholas P. Cholis (No. 6292556)
NOLAN LAW OFFICE
Attorneys for Plaintiffs
53 W. Jackson Blvd., Suite 1137
Chicago, IL 60604
Tele (312) 322-1100
Fax (312) 322-1106
tmnolanlaw@sbcglobal.net
n.cholis.nolanlaw@sbcglobal.net